**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

LUTHER STEVEN MONTGOMERY,　　:

　　Plaintiff,　　　　　　　　　　:

vs.　　　　　　　　　　　　　　:　　　CA 22-0350-JB-MU

OFFICER JAMES STEWART,　　　　:

　　Defendant.

**ORDER**

Plaintiff Luther Steven Montgomery's complaint is before the Court for screening because he was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B).  During screening, a court is required to dismiss an *in forma pauperis* complaint if it is frivolous or malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i-ii); *see also Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).

In reviewing Plaintiff's complaint, the Court finds that it is deficient in that it does not comply with Rule 8(a) of the Federal Rules of Civil Procedure. Thus, Plaintiff is **ORDERED** to file an amended complaint on or before **October 14, 2022.** The amended complaint will replace the original complaint and, therefore, Plaintiff shall not rely on his original complaint. *Fritz v. Standard Sec. Life Ins. Co. of New York,* 676 F.2d 1356, 1358 (11th Cir. 1982); *see also Rosa v. Florida Dep't of Corrections,* 522 Fed.Appx. 710, 714 (11th Cir. Jun. 26, 2013) ("Under the Federal Rules of Civil Procedure, 'an amended complaint supersedes the initial complaint and becomes the operative

pleading in the case.'" (quoting *Krinsk v. SunTrust Banks, Inc.,* 654 F.3d 1194, 1202

(11th Cir. 2011));[1] *DeSisto College, Inc. v. Line,* 888 F.2d 755, 757-758 (11th Cir. 1989)

(acknowledging as proper the denial as moot of defendant's motion to dismiss the first

amended complaint because the plaintiff filed a second amended complaint), *cert.*

*denied,* 495 U.S. 952, 110 S.Ct. 2219, 109 L.Ed.2d 544 (1990). Plaintiff's amended

complaint **MUST** comply with Fed.R.Civ.P. 8(a) and the Court's pleading requirements

described below, all of which should cure the deficiencies in his original complaint. To

assist Plaintiff in pleading an amended complaint, the Clerk is **DIRECTED** to send Mr.

Montgomery a copy of the Court's *Pro Se Litigant Guide*.

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain:

"(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a

demand for the relief sought[.]" Fed.R.Civ.P. 8(a). Plaintiff needs to file an amended

complaint which makes all three of these matters crystal clear.

**Jurisdictional Statement**

Plaintiff has filed a one and one-half page typed pleading, principally relaying

what happened to him on February 16, 2022 (and thereafter), upon encountering Officer

James Stewart at a Wal-Mart store. (*See* Doc. 1, PageID.1-2).  The complaint is not a

form complaint utilized by this Court, nor is the pleading even entitled "COMPLAINT."

(*See id.*). Not surprisingly, therefore, Montgomery nowhere invokes jurisdiction under a

---

[1]      "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

specific statutory grant, federal question jurisdiction pursuant to 28 U.S.C. § 1331, or

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See id.*). In the amended

complaint, Plaintiff needs to specifically identify the basis on which this Court has

jurisdiction to hear his claims. This Court does not have jurisdiction to hear every

dispute. Indeed, federal courts are "courts of limited jurisdiction" that are "empowered to

hear only those cases within the judicial power of the United States as defined by Article

III of the Constitution." *University of South Alabama v. American Tobacco Co.,* 168 F.3d

405, 409 (11th Cir. 1999) (citation and quotations omitted); *see also Kokkonen v.*

*Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128

L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only

that power authorized by Constitution and statute, which is not to be expanded by

judicial decree[.]" (internal citations omitted)). Stated differently, because federal courts

are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited

jurisdiction, and the burden of establishing the contrary rests upon the party asserting

jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations

omitted). And even though it is clear that "[p]leadings filed by *pro se* litigants are given

liberal construction," these litigants are "'required [] to conform to procedural rules[,]'"

*Cornelius v. U.S. Bank Nat'l Ass'n,* 452 Fed.Appx. 863, 865 (11th Cir. Nov. 29, 2011),

quoting *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011), and, as a

consequence, "must 'affirmatively allege facts demonstrating the existence of

jurisdiction.'" *Id.*, quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) (other

citation omitted); *see also Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242,

1247 (11th Cir. 2005) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim.").

There are three different types of subject matter jurisdiction a federal district court may exercise: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1469 (11th Cir. 1997), *cert. denied,* 525 U.S. 841, 119 S.Ct. 105, 142 L.Ed.2d 84 (1998); *see Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 312, 125 S.Ct. 2363, 2366 (2005) (recognizing that the provision for federal-question jurisdiction set forth in § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.,* claims under 42 U.S.C. § 1983)."). "[F]ederal courts always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." *Kelly v. Harris,* 331 F.3d 817, 819 (11th Cir. 2003). And "once a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

Therefore, in his amended complaint to be filed not later than **October 14, 2022,** Mr. Montgomery must identify the basis upon which this Court has jurisdiction to hear his complaint.

**Stating a Claim Upon Which Relief May be Granted**

In a civil action, to avoid a complaint being dismissed for failure to state a claim upon which relief may be granted, the allegations must show *plausibility*, which is lacking in the present complaint. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127

S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (emphasis supplied). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly,* 550 U.S. at 555-57, 127 S.Ct. at 1965-66.

Rule 8(a)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. And "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is required to state a claim. *Id.* A complaint cannot rest on "naked assertion[s] devoid of 'further factual enhancement.'" *Id.,* quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. at 1966 (alteration in original).

Although the Court will give a *pro se* litigant's allegations a more liberal construction than those of an attorney, *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1988), the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action[.]" *GJR Investments, Inc. v. County of Escambia, Florida,* 132 F.3d 1359, 1369 (11th Cir. 1988) (citation omitted), *overruled on other grounds by Randall v. Scott,* 610 F.3d 701 (11th Cir. 2010). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989).

In his one and one-half typed pleading, Plaintiff, as aforesaid, sets forth how he tried to return a battery to a Wal-Mart store on February 16, 2022, and after being unsuccessful in that attempt, he was confronted by Officer James Stewart and instructed to leave the store. (Doc. 1, PageID.1). And when Plaintiff "balked" at Stewart's "demand," Stewart ordered Plaintiff to put his hands behind his back. (*Id.*). Thereafter, Montgomery told Stewart he would leave the store; as he was leaving, Stewart followed and taunted him (saying, "'I knew you would see things my way'") and then grabbed Plaintiff as he was leaving the store. (*Id.*). Montgomery yanked his arm free, put down the battery (while pulling up his pants), all the while asking Stewart why he was being touched; Stewart then grabbed his left arm again, causing Plaintiff to drop his cellular telephone, which Stewart picked up and would not return to Plaintiff. (*Id.*). Plaintiff then sent his girlfriend, Breannia Thomas, back in the store for his phone and the battery; Thomas returned with the battery but was told by store employees that Officer Stewart had the phone and Montgomery was not getting it back because it had been thrown at the officer. (*Id.*). Montgomery went back into the store once again and was given the same information that his girlfriend had been given. (*Id.*). Plaintiff then called 911 and was told that he could go the 3rd Precinct to speak to someone about it but that if Officer Stewart was keeping the phone, he would have to turn it into "property" and submit a report on why he took and kept the phone. (*Id.*). According to Plaintiff, he then went back to Wal-Mart the following day, February 17, 2022, to see if Stewart had turned the phone in there or whether it was turned in "to property[;]" he was told it had not been turned into the store, and he learned that afternoon that it had been turned into "property" as evidence. (*Id.,* PageID.1-2). And he states he also learned that Stewart

6

turned in a report stating Plaintiff was trespassing on Wal-Mart property. (*Id.,* PageID.2).

Montgomery concludes his pleading with the following paragraph:

> April of 2022 my phone was still in evidence and now 3 false warrants were placed on me by [O]fficer Stewart, and [I] couldn't retrieve my phone without being apprehended which would settle my warrants. [O]fficer Stewart's supervisor allowed him to place these false charges on me. [I] surrendered, turning myself in. After which [I] was bonded out and [I] got my phone back[;] the posterior of the phone was damaged, cracked all over and [I] now had a password on my phone and [I] couldn't get into it with any of my personal passwords. I Luther [M]ontgomery had to pay a local phone store to unlock my phone for usage[.] [I] have receipts to prove this. Due to this stressful situation and false allegations caused by [O]fficer Stewart, [I] haven't been able to attend work as well as all of the unnecessary money wasted into bailing myself out and phone damages/services.

(*Id.*). This is the entire sum and substance of Plaintiff's pleading filed in this Court on

September 7, 2022. (*See* Doc. 1).

To determine if a plausible claim is stated, the Court is required to disregard

conclusions contained in a complaint. *See American Dental Ass'n v. Cigna Corp.,* 605

F.3d 1283, 1290 (11th Cir. 2010). In reviewing Plaintiff's complaint, the Court is unable

to divine any specific claim Plaintiff has asserted against Stewart. To be sure,

Montgomery's pleading sets forth that Stewart, on February 16, 2022, took Plaintiff's

phone (and would not return it to him) and, on February 17, 2022, Stewart turned the

phone into the police department as evidence, writing a report wherein he leveled

charges against Montgomery. (*See* Doc. 1, PageID.1-2). And the complaint also states

that Stewart leveled three "false warrants" against him. (*Id.,* PageID.2). However,

Plaintiff never identifies what his claim is (or claims are) against Officer Stewart. (*See*

Doc. 1). So, for instance, this Court has no idea whether Plaintiff wishes to assert a

Fourth Amendment unreasonable seizure claim against Stewart based upon the seizure

of the cell phone,[2] and, as well, whether he seeks to assert a malicious prosecution[3]

claim against Stewart, or whether, instead, he wishes to assert some other claims

altogether which only he can identify (not this Court). Therefore, in his amended

complaint, Plaintiff must specifically identify the claims he wishes to assert against

---

[2]      A Fourth Amendment unreasonable seizure claim would, of course, implicate this Court's jurisdiction under 42 U.S.C. § 1983. *See Ortega v. Brock,* 501 F.Supp.2d 1337, 1342 (M.D. Ala. 2007) ("[L]iability under § 1983 is *not* co-terminus with the conditions that cause an off-duty officer's status to change from security guard to police officer under *Whitely.* In *Whitely,* the court held that an officer's status remains as private security guard unless and until he witnesses a crime that allows him to make a lawful arrest. *Whitely,* 693 So.2d at 505. Under § 1983, however, a police officer can be held liable for damages when he does *not* witness a crime but abuses his authority under color of law.").

[3]      And if Plaintiff seeks to state a malicious prosecution claim against Stewart, he need identify whether this claim is a Fourth Amendment malicious prosecution claim, a malicious prosecution claim under Alabama law, or both a federal claim and a state-law claim. *See Grider v. City of Auburn, Alabama,* 618 F.3d 1240, 1256 (11th Cir. 2010) ("This Circuit has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983. Although both state law and federal law help inform the elements of the common law tort of malicious prosecution, a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law. To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; *and* (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. As to the first prong, the constituent elements of the common law tort of malicious prosecution are: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused. The elements under Alabama law for the common-law tort of malicious prosecution are the same, except that they require only a judicial proceeding not a criminal prosecution. As to the second prong, it is well established that an arrest without probable cause is an unreasonable seizure that violates the Fourth Amendment. Consequently, the existence of probable cause defeats a § 1983 malicious prosecution claim.") (internal citations, quotation marks, brackets, and footnotes omitted); *see also Exford v. City of Montgomery,* 887 F.Supp.2d 1210, 1227 (M.D. Ala. 2012) ("A malicious prosecution claim has five elements under Alabama law: (1) that the defendant instituted a judicial proceeding against the plaintiff, (2) without probable cause, (3) but with malice, (4) and although the prior proceeding ended in the plaintiff's favor, (5) he still suffered damages.").

        And, as this Court has stated several times, if Plaintiff seeks to state a malicious prosecution claim against Stewart, he must possess the facts which would support that claim. Therefore, for instance, if the proceeding instituted against Plaintiff by Stewart has not "ended" in Montgomery's favor, either because the charges remain pending against him or because he has been found guilty of the charges, Plaintiff obviously cannot state a claim for malicious prosecution against Stewart (at least at present).

Stewart and, as well, ensure that the amended complaint contains sufficient factual content to convey whatever claim or claims he seeks to assert against Stewart.[4]

It is not the Court's or a defendant's responsibility to discern a claim from a plaintiff's allegations. *Cf. Weiland v. Palm Beach County Sheriff's Office,* 792 F.3d 1313, 1320 (11th Cir. 2015) (noting that the purpose of Rules 8(a)(2) and 10(b) is to "'require the pleader to present h[er] claims discretely and succinctly, so that, h[er] adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief may be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'"). Rather, "'sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.'" *L.S.T., Inc. v. Crow,* 49 F.3d 679, 684 (11th Cir. 1995), quoting *Fullman v. Graddick,* 739 F.2d 553, 556 (11th Cir. 1984). If sufficient facts are not pled to make out a plausible claim, the action will be dismissed. *See Speaker v. United States Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention,* 623 F.3d 1371, 1380 (11th Cir. 2010).

---

[4]     In addition to a dismissal for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(i) authorizes the dismissal of an action deemed frivolous. A frivolous claim is one "based on an indisputably meritless legal theory, but also . . . those claims whose factual contentions are clearly baseless. . . . Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke v. Williams,* 490 U.S. 319, 327 & 328, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Factually frivolous is an appropriate finding "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

**Demand for Relief Sought**

Montgomery makes an amorphous statement regarding damages (Doc. 1, PageID.2 ("[I] haven't been able to attend work as well as all of the unnecessary money wasted into bailing myself out and phone damages/services.")), and could certainly make a more specific demand and also explain why he has been unable to work since this incident occurred. In the amended complaint to be filed not later than **October 14, 2022,** Montgomery must make a more concise demand for relief sought.

The failure to plead an amended complaint that complies with Rule 8(a) and the directives described above, after being required to replead a complaint, will result in this action's Rule 41(b) dismissal for failure to comply with the Court's order. *Pelletier v. Zweifel,* 921 F.2d 1465, 1522 n.103 (11th Cir. 1991), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008); *see also Birdette v. Saxon Mortgage,* 502 Fed.Appx. 839, 840-41 (11th Cir. Dec. 20, 2012), *cert. dismissed,* 568 U.S. 1225, 133 S.Ct. 1597, 185 L.Ed.2d 572 (2013).

Failure to comply with this order within the prescribed time or to notify the Court of an address change will result in the dismissal of this action for failure to prosecute and to follow the Court's order.

**DONE** and **ORDERED** this the 14th day of September, 2022.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**

10